UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-380-MOC

| | |
|---|---|
| **JOHNNY E. KING, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on plaintiff's (#11) and defendant's (#13) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the Court enters the following findings and Order.

## FINDINGS AND CONCLUSIONS

**I.  Administrative History**

Plaintiff filed applications for a period of disability and disability insurance benefits and supplemental security income benefits on January 9, 2013, alleging disability beginning May 6, 2009. (Tr. 16, 191-200). At plaintiff's request, a hearing was held before Administrative Law Judge Valorie Stefanelli ("the ALJ") on October 16, 2015, at which plaintiff appeared with his attorney and a vocational expert ("VE"). (Tr. 38-78). On February 11, 2016, the ALJ issued a decision that plaintiff was not disabled within the meaning of the Act. (Tr. 16-29). The Appeals Council denied plaintiff's request for review on May 4, 2017, leaving the ALJ's decision as the final decision of the Commissioner. (Tr. 1-4). Having thus exhausted his administrative remedies, plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision.

1

## II. Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The Court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the Court finds that the ALJ's decision was supported by substantial evidence, and it will thus be affirmed.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### C. The Administrative Decision

At step one of the sequential evaluation, the ALJ found that, while plaintiff had worked after the alleged onset date, he had not engaged in substantial gainful activity ("SGA"). (Tr. 18). At step two, the ALJ found that plaintiff had a severe impairment or combination of impairments within the meaning of the regulations, specifically degenerative disc disease of the lumbar spine, bilateral osteoarthritis of the knees, and obesity. (Tr. 19). At step three, the ALJ found that none of the impairments, or combination thereof, met or equaled a condition in the Listing. (Tr. 19-20).

Then, before step four and upon review of the record, the ALJ determined that plaintiff had the RFC to perform less than a full range of sedentary work, and cannot climb ladders, ropes or scaffolds and can only occasionally climb stairs and ramps, balance, stoop, kneel, crouch, or crawl. (Tr. 20). Based on this RFC assessment, the ALJ determined at step four that plaintiff was incapable of performing any past relevant work. (Tr. 27). At step five, the ALJ determined that, in light of plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform, including order clerk, charge account clerk, and document preparer. (Tr. 27-28). As a result, the ALJ determined that plaintiff was not disabled within the meaning of the Act. (Tr. 28).

**D. Discussion**

The Court has closely read plaintiff's memorandum (#12) supporting his Motion for Summary Judgment (#11). Plaintiff argues that the ALJ erred by failing to sufficiently explain her RFC finding and by relying on VE testimony that conflicts with requirements of the jobs the ALJ determined plaintiff could still perform. The Court will consider each allegation in turn.

*a. Whether the ALJ sufficiently explained her RFC findings*

Plaintiff argues that the ALJ failed to sufficiently explain her RFC finding in two ways. First, she failed to properly consider one of plaintiff's impairments. Plaintiff contends that the medical evidence documenting plaintiff's problems with his shoulders, especially his right shoulder, have been continual and ongoing since September 26, 2014. As a result, the ALJ should have considered whether it qualified as a severe impairment, and that failure to do so requires remand. Furthermore, plaintiff argues that even if the ALJ had found plaintiff's AC joint arthritis and resulting shoulder pain non-severe, the ALJ failed to account for it in determining plaintiff's RFC. In doing so, plaintiff contends that the ALJ committed a significant error, as this impairment allegedly causes plaintiff pain when reaching above 90 degrees, and all of the potential jobs for plaintiff accepted by the ALJ at step five involve frequent reaching.

Here, the Court finds that it is true that the ALJ did not analyze whether plaintiff's AC joint arthritis and resulting shoulder pain constitute a severe impairment. However, the court finds that even if this did constitute error, such error is harmless. Brown v. Colvin, 2015 WL 5098420, at *5 (W.D.N.C. 2015) ("An error at step two is harmless provided the adjudicator proceeds to step three because when an ALJ finds one severe impairment, both severe and non-severe impairments must be considered in determining RFC."); see also Stacey v Astrue, 2011 WL 841356, at *3 (W.D.N.C. 2011). Thus, the main issue here is whether the ALJ considered plaintiff's shoulder impairment in

5

determining RFC, and the Court finds that the ALJ did so. The ALJ noted plaintiff's complaints of shoulder pain ranked a five out-of-ten and that plaintiff's right shoulder demonstrated mild AC joint arthritis. (Tr. 25). The ALJ also noted a wide array of tests and findings suggesting that plaintiff's shoulder impairment would not impact his RFC, including a negative *Hawkins* test, negative empty can test, negative cross arm test, no localized tenderness, full range of motion in multiple examinations, and Dr. Preik's opinion that plaintiff had no limitations in using his upper extremities, the ability to lift and/or carry up to 20 pounds, and no limitations for reaching, including reaching overhead. (Tr. 24-26). As a result, the Court finds that any error committed by the ALJ at step two was harmless, as the ALJ fully considered plaintiff's shoulder impairment in evaluating his RFC.

Second, plaintiff argues that the ALJ failed to explain what weight she gave to Dr. Preik's opinion. Plaintiff notes that, in addition to her failure to assign weight to Dr. Preik's evaluation, Dr. Preik's evaluation included his opinion that plaintiff would likely be absent from work more than three times a month. In failing to assign weight and elaborate on this discrepancy between Dr. Preik's opinion and the ALJ's RFC finding, plaintiff claims that the ALJ has failed to provide a proper narrative discussion of the evidence.

Here, the Court does not find that a failure to explicitly assign weight to Dr. Preik's opinion constitutes reversible error. So long as "'sufficient explanation for the evaluation of a medical opinion for meaningful review by the courts'" is provided, an implicit assignment of weight "'can support meaningful review.'" Noah v. Colvin, 2013 WL 2596320, at *4 (M.D.N.C. 2013) (quoting Thomas v. Comm'r of Soc. Sec., 2013 WL 21026, at *2 (D.Md. 2013)); see also Muhl v. Comm'r of Soc. Sec., 2012 WL 5986961, at *2 (D.Md. 2012) ("Because the facts supporting his evaluation are already clear from the ALJ's opinion, the failure to assign particular weight to Dr. Colley's

6

opinion provides an inadequate basis for remand."); Blakely v. Comm'r of Soc. Sec, 581 F.3d 399, 409 (6th Cir. 2009); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011).

Further, the Court finds that the ALJ's explanation was a sufficient basis for meaningful review. What weight the ALJ gave to Dr. Preik's opinion appears relatively clear given the ALJ's explanation of Dr. Preik's opinion acknowledging that she has taken Dr. Preik's opinion and limitations into account, but that the medical evidence on the record does not support his opinion that plaintiff would be absent from work more than three times per month. The ALJ also noted that she had addressed Dr. Preik's opinion that plaintiff would need to take hourly unscheduled breaks in an active role, since she limited plaintiff to sedentary work and thereby negated any need for such breaks. In short, while the ALJ did not explicitly assign weight to Dr. Preik's opinion, she clearly took it into account and made clear which elements she considered consistent with the rest of the record. As a result, the Court finds no basis for remand here.

### b. *Whether the ALJ improperly relied on VE testimony*

Plaintiff also alleges that the ALJ improperly relied on a VE's testimony, arguing that she accepted testimony from a VE that conflicts with the Dictionary of Occupational Titles ("DOT") on two separate issues. In doing so, plaintiff contends there is grounds for remand.

First, plaintiff argues that the ALJ failed to ask the VE about any accommodations needed to account for plaintiff's morbid obesity, specifically a special chair that can accommodate plaintiff. However, there is no case law indicating that such an accommodation is required of an employer, and plaintiff cites only to a Department of Labor website page that suggests certain chairs are typically made to support individuals who weigh more than 300 pounds. See Taylor v. Phoenixville School Dist., 184 F.3d 296, 317 n.8 (3d Cir. 1999) ("Employers may find it useful to take advantage of the Job Accommodation Network although we do not in any way suggest that

employers are obliged to make use of this service"). Furthermore, such a website is not "binding authority" and "nothing in the record suggests that Plaintiff even requires a special chair." Straite v. Berryhill, 2017 WL 4052170, at *4 (W.D.N.C. 2017). Thus, the court rejects this argument and finds no inconsistency or conflict between plaintiff's condition and the jobs suggested by the VE.

Second, plaintiff argues that the hypotheticals presented to the VE failed to include plaintiff's difficulties with reaching, and doing so requires remand due to the conflict between the hypotheticals presented to the VE and plaintiff's actual capabilities. However, as established above, the Court finds no issue with the ALJ refusing to include a limitation of "difficulty with reaching" in plaintiff's RFC, and the ALJ thus had no duty to include unsupported limitations in hypotheticals posed to the VE. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989); Hailey v. Commissioner of Social Sec., 284 Fed. Appx. 100, 104-05 (4th Cir. 2008); Kearse v. Massanari, 73 Fed. Appx. 601, 604 (4th Cir. 2003). Therefore, the Court finds that there is no ground for remand here.

Finally, plaintiff also argues that he was denied due process at his hearing, as he was not represented by counsel at the time and not informed of his right to ask questions of the VE. However, the only authority plaintiff cites for this right is a HALLEX section, and HALLEX is an internal agency guidance tool that lacks force of law. See Overcash v. Astrue, 2011 WL 815789, at *6-7 (W.D.N.C. 2011); see also Melvin v. Astrue, 602 F.Supp.2d 94, 704 (E.D.N.C. 2009); Moore v. Apfel, 216 F.3d 864, 868 (9th Cir. 2000). Furthermore, the ALJ directly asked plaintiff whether he had any questions during the hearing, or if there was anything else he wanted to cover, and plaintiff responded in the negative. As a result, the Court will not find grounds for remand.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this Court finds that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#11) is **DENIED**, the Commissioner's Motion for Summary Judgment (#13) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

Signed: February 2, 2018

Max O. Cogburn Jr.
United States District Judge